**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**SHEILA FOSTER,**

  Plaintiff,

v.                                                              Case No: 5:12-CV-150-Oc-34PRL

**COTTON STATES MUTUAL**
**INSURANCE COMPANY**

  Defendant.

## ORDER

On April 1, 2013, this Court held a hearing on Defendant's Motion to Strike Plaintiff's Experts for Failure to Comply with Rule 26 and Motion in Limine to Prevent Plaintiff's Experts from Testifying at Trial (Doc. 27). Defendant seeks to strike all of Plaintiff's experts because of Plaintiff's failure to comply with Rule 26(a)(2), Fed. R. Civ. P. For the reasons stated, and as set forth, on the record at the hearing, which are incorporated by reference, it is **ORDERED and ADJUDGED** that:

1. Defendant's Motion (Doc. 27) is **DENIED as MOOT** to the extent that Defendant seeks to strike Mr. George Zobrist and Mr. Dennis James because Plaintiff represented that she does not intend to call either of these witnesses at trial.

2. Defendant's Motion (Doc. 27) is **DENIED** to the extent that Defendant seek to strike the testimony of Mr. James Funderburk. In addition, on or before **April 22, 2013**, Defendant may disclose a rebuttal expert if Defendant deems one necessary.

3. Defendant's Motion (Doc. 27) is **DENIED** to the extent that Defendant seeks to strike Mr. Sonny Gulati, P.E.  However, on or before **April 8, 2013**, Plaintiff shall comply with Rule 26(a)(2)(B)(v), Fed. R. Civ. P., by providing Defendant with additional information regarding the cases that Mr. Gulati testified in during the last four years sufficient for Defendant to be able to identify those cases and investigate them.  In addition, on or before **April 22, 2013**, Defendant may re-depose Mr. Gulati on his prior testimony.  The Court will **DEFER** ruling on whether Plaintiff should pay for a second deposition of Mr. Gulati.[1]

4. Lastly, to the extent Defendant seeks to limit the trial testimony of Mr. Gulati or any other expert, the Motion in Limine is denied without prejudice as premature at this time.  If such a motion remains appropriate it should be filed consistent with the Amended Case Management and Scheduling Order (Doc. 25).

**DONE** and **ORDERED** in Ocala, Florida on April 1, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

---

[1] If Defendant seeks to have Plaintiff pay for the second deposition of Mr. Gulati, Defendant should file an appropriate motion and state grounds demonstrating that Defendant is entitled to Plaintiff bearing the costs.