UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SHEILA FOSTER,**

    **Plaintiff,**

v.                                                    Case No: 5:12-cv-150-Oc-MMH-PRL

**COTTON STATES MUTUAL
INSURANCE COMPANY,**

    **Defendant.**
_____/

**ORDER**

A settlement conference has been scheduled for **Wednesday, January 8, 2014, at 10:00 a.m., at the United States Courthouse in Ocala, Florida**.  It is **ORDERED** that lead counsel for the parties, representatives for the parties with full settlement authority, and any necessary claims professionals attend the in-person settlement conference.

The following general rules will govern the mediation conference, which are set forth in greater detail in Chapter Nine of the Local Rules:

1. **Settlement Statement** – Not less than two days prior to the mediation conference, each party shall deliver to the undersigned a written summary of the facts and issues of the case.  The settlement statement shall contain a specific recitation of the facts, a discussion of the strengths and weaknesses of the case, the parties' position on settlement (including all present settlement proposals), and a report on settlement efforts to date.  The settlement statement shall not be filed with the Court; instead, it shall be delivered via e-mail to the chambers e-mail address.

2. **Identification of Corporate Representative** – As part of the settlement statement, counsel for each corporate party shall state the name and general job description of the employee or agent who will attend and participate with full authority to settle on behalf of the corporate party.

3. **Attendance Requirements and Sanctions** – Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, shall attend and participate in the mediation conference.  In the case of an insurance company, the term "full authority

to settle" means authority to settle for the full value of the claim or policy limit. The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.

4. **Authority to Declare Impasse** – Participants shall be prepared to spend as much time as may be necessary to settle the case. No participant may force the early conclusion of a mediation conference because of travel plans or other engagements. Only the mediator may declare an impasse or end the mediation.

5. **Restrictions on Offers to Compromise** – Evidence of offers to compromise a claim is not admissible to prove liability for or invalidity of the claim or its amount. Fed. R. Evid. 408 (includes evidence of conduct or statements made in compromise negotiations); Local Rule 9.07(b). All discussion, representations and statements made at the mediation conference are privileged settlement negotiations. Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference shall be admitted at trial or be subject to discovery. Local Rule 9.07; Fed. R. Evid. 408. A communication between a party and a mediator during a private caucus is also confidential, unless the party tells the mediator that it is not.

Finally, the parties are advised that photo identification is required to enter the United States Courthouse and cell phones, blackberries and laptop computers are prohibited in the building (unless otherwise ordered by the Court). However, for purposes of the settlement conference, counsel only may bring such electronic devices (turned off while in the courtroom) by showing a copy of this Order to the Court Security Officers.

**IT IS SO ORDERED** in Ocala, Florida, on November 26, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Courtroom Deputy